## Hayden v. Groff

*P. A. Hammond, Jr., A. G. Moorehead* and *A. B. Smith,* for plaintiffs.

*P. H. Strubing,* for defendant.

*M. J. Lonergan,* for additional defendant.

ALESSANDRONI, P. J., December 15, 1960. Plaintiffs filed an action in trespass against defendants stating a cause of action based on the negligence of defendant in administering penicillin to one allergic to same, and in negligently failing to properly diagnose injuries sustained by decedent. Defendants filed a writ to join additional defendants and served a complaint on them stating that decedent was negligently injured by the additional defendant's automobile. Additional defendants filed preliminary objections to the joinder on the ground that the causes of action, albeit in trespass, are dissimilar.

Decedent, a pedestrian, was allegedly injured by the automobile of additional defendants Grove at Eighteenth and Walnut Streets, Philadelphia. She was taken to the University of Pennsylvania Graduate Hospital where she subsequently expired. The complaint against defendants attributes her death to negligence by the doctor and hospital. The complaint filed by defendants alleges that the injuries sustained were the result of negligence by the additional defendants in failing to operate their motor vehicle properly.

Pennsylvania Rule of Civil Procedure 2252(*a*)

states that defendant may join as of course "any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Grove's argument is that the cause of action must be the same as that originally pleaded and, hence, since the complaint against them involves a motor vehicle as opposed to malpractice, they are improperly joined. This argument has been disposed of on many occasions. Grove has cited Radel v. Long, 19 D. & C. 2d 547, in support of his contention. But even that case holds that the true test is whether the original defendant's complaint is related in substance to the complaint against defendant. Cf. Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30; City of Philadelphia, to use, v. Kelly et al., 78 D. & C. 445. The true cause of action in this matter is the cause of death of decedent and the actor responsible for same.

Manifestly the causes of action are related. The purpose of joinder is to prevent multiplicity of suits. Defendants Grove are properly joined as additional defendants.

Grove has raised the question that the agreement between plaintiff and defendant to extend the period for bringing Grove into the matter was prejudicial to them. Manifestly, not being a party of record at that time, Grove has no standing to complain. In addition, the court extended the time for filing the praecipe for a writ to join, as it may do under the provisions of Pa. R. C. P. 2253. Grove may not now collaterally attack the court's action; it may not go beyond the order.

### Order

And now, December 15, 1960, the additional defendants' preliminary objections are dismissed.

Additional defendants are granted leave to answer or otherwise plead within 20 days of the date hereof.